8L 257<br>49 509

### BANK OF LOUISIANA *vs.* STANSBURY ET AL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the wife makes opposition and procures an injunction against proceedings in the *via executiva*, on the ground that she has a prior claim and mortgage to the property seized, and the seizing creditor answers and denies her claim and mortgage, and avers she has made herself liable for his claim, by intermeddling in her husband's succession : *Held*, that the demand set up in the answer was reconventional, and not a proceeding in the ordinary way, as distinguished from the summary, and the court did not err in proceeding to inquire into the personal liability of the wife, to pay the debt.

Banks cannot, in any case, take more interest than at the rate fixed by their charters. Where the bank charter fixes the rate of interest at nine per cent., and ten is agreed upon, it will be reduced to the rate affixed by the charter.

This case commenced by the executory process. The Bank of Louisiana obtained an order of seizure and sale, in August, 1832, against a plantation and slaves in the parish of Ascension, which W. S. Stansbury had mortgaged to secure a loan of eight thousand dollars, with interest at the rate of ten per cent. per annum, from the 10th of April, 1830, when said loan became due and payable.

EASTERN DIST.
*April*, 1835.

BANK OF LA.
*vs.*
STANSBURY
ET AL.

Stansbury being dead, his widow made opposition to the executory proceedings, and obtained an injunction, claiming the property as her own. She alleges she intermarried with W. S. Stansbury, in Maryland, in 1819, and came to this state with him to reside; that her husband, at different times had received money and funds of her to the amount of ten or twelve thousand dollars, which he invested in slaves and in part payment of the plantation under seizure. She claims a higher privilege and mortgage than the bank, and prays to be allowed to keep the property in question, which she alleges was adjudicated to her by the Court of Probates; she alleges also, that the bank claims illegal interest in demanding ten per cent.

The attorney for the bank replied that she was liable personally, for the community debts of her husband, having applied to the Court of Probates and accepted the community of acquests and gains, and had the community property adjudicated to her; and also that she had become personally liable for the claim of the bank, by taking an active concern in, and disposing of part of the property of the community. It is further averred, that none of the grounds alleged, authorise the issuing the injunction, as it is not stated what portion of the plantation, or what particular slaves, of those seized, were the property of Mrs. Stansbury, or purchased with her money.

On hearing the case, the district judge was of opinion the plaintiff in injunction failed to make out her case, and that, by the acceptance of the community, which was fully proved, she made herself liable for its debts. Judgment was rendered, dissolving the injunction, and directing the sheriff to proceed with the seizure and sale of the mortgaged property, and that the bank be allowed ten per cent. interest. The plaintiff in the injunction appealed.

*Ilsley*, for the appellant.

1. The order of seizure and sale improperly and illegally issued, as Stansbury, the debtor was dead; the property had been adjudicated by the Court of Probates to his widow, and

EASTERN DIST.
*April,* 1835.

BANK OF LA.
*vs.*
STANSBURY
ET AL.

there was, in fact, no defendant to proceed against. The widow Stansbury, who was in possession, was not made a party. *Code of Practice,* 98, 99, 100.

2. Executory proceedings, as well as in the hypothecary action, must be against the third possessor of the mortgaged property. *Code of Practice,* 68.

3. If the injunction be considered as a branch of the original suit, then, in this case, there has been no change from the *via executiva* to the *via ordinaria,* to justify the judgment which has been rendered. It must, therefore, be annulled and set aside.

*Peirce,* for the bank and defendant in injunction.

1. The plaintiff in this injunction has shown no claim whatever upon her husband's estate, for paraphernal effects or otherwise.

2. If she had, it would not authorise an injunction except as to land and slaves brought by her into marriage; and of this there is no proof, or if there be, there is no evidence that such land or slaves were seized in this suit.

3. If she had, and under circumstances that would otherwise authorise an injunction, yet, in this case, she is debarred; because she has accepted the community, had the property adjudicated to her, sold a large part of it, and consequently made herself responsible if the estate be insolvent, for all the debts of her husband.

4. If the estate is able to pay all its debts, which appears by the inventory, the property adjudicated to her, and which is that seized, is liable for the husband's debts, independent of her personal obligation.

*Carleton* and *Lockett,* for appellant, in reply.

1. This case is not changed from the *via executiva,* and any irregularities in the executory proceedings may be inquired into. The law requires three days' notice previous to seizure, which was not given here. *Code of Practice,* 735, 6 *Louisiana Reports.*

EASTERN DIST.
*April,* 1835.

BANK OF LA.
*vs.*
STANSBURY
ET AL.

2. There is no evidence in the record to show that the mortgage in favor of the bank was ever recorded so as to affect third persons. 7 *Martin, N. S.,* 577.

3. These irregularities are sufficient to annul the judgment. It is never too late to take notice or avail one's self of any irregularities in the proceedings in the court below. 5 *Martin, N. S.,* 340, 341.

*Bullard, J.,* delivered the opinion of the court.

The Bank of Louisiana having procured an order of seizure and sale upon a mortgage executed by Stansbury, his widow, the present appellant, obtained an injunction, on the allegations that she intermarried with said Stansbury in Maryland in 1819, with a view of future residence in Louisiana, where her husband had his domicil at the time ; that her husband received at that time and others, her property to the amount of ten or twelve thousand dollars, for which by the laws of this state she has a legal mortgage, which sum was invested in the purchase of slaves and in the plantation then under seizure ; that on the death of her husband the whole property was adjudicated to her by the Court of Probates, and that her rights are sufficient to cover the whole, and that she has a higher privilege than the bank.   She further complains that the order is illegal, because it requires the payment of interest at the rate of ten per cent., which is not due according the act of mortgage.

After setting up an exception, which was overruled, and which requires no further mention here, the bank pleaded in answer, a denial of most of the facts alleged in the plaintiff's petition.   They specially deny her right of mortgage, and that her late husband ever received any moneys belonging to her, or that any was invested by him in the purchase of the property mortgaged.   It is further alleged, that Mrs. Stansbury has accepted the community, by applying to have the whole property composing it adjudicated to her; and that she has further accepted by taking an active concern in the effects of the community and disposing of a part of them ; and by reason thereof she has become liable out of her own

estate for one-half of the debts contracted by her late husband. They further deny that any of the allegations in the petition justify the issuing of the injunction; and it is specially alleged that the bank is entitled to interest at ten per cent. per annum from the day the money was due. They pray a dissolution of the injunction, and that the plaintiff may be condemned to pay the debt with damages and interest.

After a second trial, judgment was rendered against the plaintiff in injunction for the whole amount of the debt, but restricting the interest to nine per cent; and she appealed.

Her counsel has made several points before us, relating to the want of notice before issuing the order of seizure, which we think ought to be considered, inasmuch as they are not alleged in the petition for injunction.

It is contended, that the court erred in considering the opposition of the widow as authorising a change from the *via executiva* to the *via ordinaria*. It appears to us that the claim, set up by the bank, was reconventional and not a proceeding in the ordinary way, as distinguished from the summary. We think the court did not err in proceeding to inquire into her personal liability to pay the debt under that plea; but even admitting that she had accepted the community, it does not establish her liability in this case, to pay more than one-half the debt contracted by her husband.

The bank claims interest at ten per cent. from the time the money was due, upon the mortgage, under the statute of 1820, concerning loans on mortgage. 1 *Moreau's Digest, p.* 674, *sec.* 2.

The charter of the bank, passed subsequently, declares that the bank shall not take more than nine per cent. interest on any of its loans. It is true, this clause applies to stipulation of interest and not to interest *ex morâ* in the nature of damages. In the case of the Bank of Louisiana *vs.* Sterling et al., this court held, that the legal interest which the bank had a right to receive in such cases, is nine per cent. 2 *La. Reports,* 61.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and

EASTERN DIST
*April,* 1835.

BANK OF LA.
*vs.*
STANSBURY
ET AL.

Where the wife makes opposition and procures an injunction against proceedings in the *via executiva,* on the ground that she has a prior claim and mortgage to the property seized, and the seizing creditor answers and denies her claim and mortgage, and avers she has made herself liable for his claim, by intermeddling in her husband's succession: Held, that the demand set up in the answer was reconventional and not a proceeding in the ordinary way, as distinguished from the summary, and the court did not err in proceeding to inquire into the personal liability of the wife to pay the debt.

Banks cannot, in any case, take more interest than at the rate fixed by their charters. Where the bank charter fixes the rate of interest at nine per cent., and ten is agreed upon, it will be reduced to the rate fixed by the charter.

EASTERN DIST.
*April*, 1835.

proceeding to give such judgment as in our opinion ought to have been rendered below, it is further adjudged and decreed, that the injunction be rendered perpetual as to one per cent. of the interest and dissolved as to the balance, and that the sheriff proceed to make the money due on the mortgage with interest at nine per cent. per annum, from the 11th of April, 1830 ; and on the demand in reconvention, it is further adjudged and decreed, that the bank recover from the plaintiff in injunction the sum of four thousand dollars, with nine per cent. interest as aforesaid ; provided that no execution issue against her until after discussion of the mortgaged property. It is further ordered, that the bank pay the costs of both courts, except such as may arise in the execution of this judgment.